**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**GARY LEE MORACE**                                                       **PLAINTIFF**

**VS.**                                          **CIVIL ACTION NO. 5:04CV260LN**

**CHEVRON PRODUCTS COMPANY,** *ET AL.*                      **DEFENDANTS**

**ORDER**

This matter came before the court on the Celite's Motion to Strike Plaintiff's Supplemental Expert Designation and to Extend Its Expert Designation Deadline. The basis of the Motion is Celite's contention that the Plaintiff has failed to submit complete expert designations, in that those designations do not contain all of the information required by Fed. R. Civ. P. 26(a)(2) and Unif. Local R. 26.1(A)(2). The court has reviewed the Motion, the response and rebuttal, and an argument contained in the pleadings related to the Motion to Dismiss that is before Judge Lee. It appears that the Defendants have deposed all but one of these experts, either in connection with this litigation or the predecessor litigation in state court. Most of the experts designated by the Plaintiff are treating physicians. The Defendants claim that the Plaintiff's reference to the experts' deposition testimony is an inadequate statement of their opinions, that there is no reference to supporting data or exhibits, that they have not listed the other cases in which they have testified, and that they have not revealed their compensation. The Plaintiff admits that the list of other cases was omitted from the non-treating physician's designation, but argues that, in all other aspects, the designation was complete.

Celite argues that the court should analyze its Motion to Strike using the following factors announced in *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875 (5th Cir. 2004):

    (1)    the explanation for the failure to identify the witness;

  (2)  the importance of the testimony;

  (3)  potential prejudice in allowing the testimony; and

  (4)  the availability of a continuance to cure such prejudice.

*Id.* at 883, citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990). Judge Barbour mentioned those factors in *Robbins v. Ryan's Family Steak Houses East, Inc.*, 223 F.R.D. 448, 453-54 (S.D. Miss. 2004), where he struck a party's expert witnesses because their designation was inadequate. The *Hamburger* factors more appropriately apply, however, where there is no designation at all. They are not particularly useful in this case, where the parties were not only identified, but deposed, prior to the designation.

  It appears here that the Defendant does not contest that it has obtained information from all but one of these experts through deposition testimony. It also admits that most of these experts are treating physicians, for whom the criteria of Fed. R. Civ. P. 26(a)(2) are relaxed. Instead, it appears to focus on the testimony of Dr. Swift, the Plaintiff's causation expert. Dr. Swift was deposed on March 4, 2004, in connection with the state litigation. Celite contends that the Plaintiff's assertions as to Dr. Swift's opinions in his designation are at odds with the deposition testimony actually given.

  Resolution of this matter must take into consideration the purpose of requiring such detailed information as part of the designation of experts. Fed. R. Civ. P. 26(a)(2) requires that the designation be made at least ninety days before the trial date. Unif. Local R. 26.1(A)(1)(a) requires parties to disclose the identity of expert witnesses as part of its pre-discovery disclosure. Local Rule 26.1(B)(2) requires the remainder of the designation to be served "as soon as it is obtained" or by the date specified by the Case Management Plan Order. In this District, that date is set well before the end of the discovery period. Finally, Fed. R. Civ. P. 26(b)(4)(A) provides, "A party may depose

any person who has been identified as an expert whose opinions may be presented at trial. If a report from the expert is required under subdivision (a)(2)(B), **the deposition shall not be conducted until after the report is provided**." (Emphasis added.)

Reviewing these authorities leads the court to the conclusion that an important reason for the expert report is to provide sufficient information for the opposing party to prepare for and conduct a deposition of the expert witness. Here, the deposition was accomplished before the expert report was due. Celite argues that the opinion contained in the Plaintiff's designation is inconsistent with the expert's testimony. Such a dichotomy could have occurred even if the report had come first. The discrepancy would not have been cause to strike the expert, but would have served as a means to impeach him at trial. The fact that the discrepancy occurred in the opposite order is not intrinsically offensive to the court.

However, in the spirit of full pretrial disclosure, the Defendants are entitled to know on what expert opinions the Plaintiff intends to rely at trial. To that end, the court will require, with respect to Dr. Swift, a supplemental statement as to the opinions on which the Plaintiff intends to rely at trial, with specific reference to supporting testimony from his deposition, as well as a list of other cases in which he has testified. With respect to the treating physicians, no further information is required. With respect to the one expert who was not deposed, the Plaintiff shall submit a complete expert designation. The Defendants' deadline to designate experts will be adjusted accordingly. As a final note, the court will not abide further delay from the Plaintiff (who earlier failed to respond to discovery requests or even to the subsequent Motion to Compel) in providing discovery materials, regardless of whether or not he is engaged in settlement negotiations.

IT IS, THEREFORE, ORDERED that Celite Corporation's Motion to Strike Plaintiff's Supplemental Expert Designation and to Extend Its Expert Designation Deadline is hereby **granted** in part and **denied** in part, as follows:

1. The Plaintiff shall provide the information outlined above on or before February 17, 2006.

2. The deadline for the Defendants to designate expert witnesses is extended to March 20, 2006.

IT IS SO ORDERED, this the 2nd day of February, 2006.

                                        S/Alfred G. Nicols, Jr.
                                UNITED STATES MAGISTRATE JUDGE